## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JENNIFER WHITE, :
    Plaintiff :
                                    :      C.A. No.:
and :
                                    :
WINE & SPIRITS RETAILERS, INC., :
    Defendant :

### COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful gender discrimination and retaliation in employment the Plaintiff suffered in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq., the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, et seq. and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, et seq.

### II. Parties

1. The Plaintiff is a resident of the City of North Attleborough, County of Bristol, Commonwealth of Massachusetts.

2. Defendant Wine & Spirits Retailers, Inc. ("WSRI") is a Rhode Island corporation with its principal place of business located at 1405 Douglas Avenue, North Providence, Rhode Island 02904.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3), and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5. On or about July 20, 2022, the Plaintiff timely filed a charge of discrimination against Defendant with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No.: 22 ESE 244, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No.: 16J-2022-00212.

6. On or about July 25, 2022, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

7. On or about August 3, 2022, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

### VI. Material Facts

8. The Plaintiff is female.

9. In 2018, the Plaintiff was hired as a closing supervisor at WSRI.

10. During all relevant times periods, the Plaintiff's work performance was satisfactory and met Defendant's legitimate expectations.

11. During the Plaintiff's employment, Defendant WSRI's employees and/or agents, including, but not limited to, Mr. Tom Irons, the Defendant WSRI's district manager, subjected Plaintiff to discriminatory conduct based on her sex.

12. On or about October 6, 2021, Plaintiff was told that she would be transferring to North Providence store and would be placed in a position to learn to become a general manager. At the time Plaintiff was working as a department manager for Defendant WSRI's store in Mansfield, MA.

13. However, once Joseph Morry, Defendant WSRI North Providence Location store manager, went on medical leave of absence on November 11, 2021, Plaintiff stepped in his absence.

14. On several occasions Mr. Irons would routinely harass Plaintiff and would ignore questions regarding the store and state that Plaintiff was not the store manager. In addition, Mr. Irons would berate the Plaintiff if some of the store manager responsibilities were not accomplished.

15. On December 3, 2021, Mr. Irons told the Plaintiff that she was stupid.

16. On several occasions, Mr. Irons would yell at the Plaintiff on the sales floor in full view of employees and customers. After one incident James Winters, a Defendant WSRI's employee, asked if the Plaintiff was okay after witnessing Mr. Irons yelling at her.

17. On or around December 9, 2021, Mr. Irons yelled at the Plaintiff on the sales floor and stated that Plaintiff didn't deserve to be a manager if the Plaintiff didn't work Saturday instead of seeing her family. The Plaintiff later reported the incident to Keith Gillis, Vice President of Operations and Compliance at Defendant WSRI, and Mr. Iron's behavior changed for a mere 48 hours.

18. On December 17, 2021, an employee texted the Plaintiff and stated that they needed to seek professional help. In an attempt gather more information the Plaintiff tried to contact the employee, but was unable to reach them. Later, the Plaintiff contacted Achilda Brito, a Defendant

WSRI's Human Resource employee, and asked about being able to put the employee on medical leave. The Plaintiff was informed that there was paperwork that the employee needed to sign. Defendant WSRI's standard policy and procedures dictate that after three days of "no call, no show" an employee may be terminated. The Plaintiff and a male assistant manager waited until the third no show before notifying Mr. Irons and Ms. Brito of the issue with this employee.

19. On December 22, 2021, the Plaintiff received a call from Mr. Irons who loudly and aggressively reprimanded her for the employee's absences. Plaintiff was not able to give an explanation and the male assistant manager was not contacted about the situation.

20. On January 5, 2022, the Plaintiff sent an email to category director (NAME), in regards to inventory adjustment for six (6) cases of beer. Later, Mr. Irons led the Plaintiff into the back room of the store and accused her of intentionally leaving Mr. Irons "out of the loop" and asked what the Plaintiff's problem was and that she needed to change it immediately.

21. On January 19, 2022, the Plaintiff requested a meeting with Mr. Gillis to discuss the ongoing situation with Mr. Irons and to address the absence of an evaluation and a raise.

21. A day later, Mr. Irons learned that the employee, who left December 17, was scheduled to return to work. Mr. Irons told the Plaintiff in a forceful and intimidating manner that without medical documentation and a statement that the employee was "no longer receiving treatment of any kind" he was not able to return to the store and not able to return to his previous position as a supervisor.

22. On January 22, 2022, the Plaintiff met with Mr. Gillis explaining the ongoing situation with Mr. Irons in general as well as the incident on January 20th. The Plaintiff stated that she felt that she had been ordered to break the law by discriminating against someone because of a medical condition. In addition, the Plaintiff brought up instances in the store when she witnessed

Mr. Irons inappropriately interact with employees. Four (4) days later, the Plaintiff was notified that she was being transferred out of Mr. Iron's district to the North Smithfield store, that the move had "had nothing whatsoever to do with what was said Saturday." Mr. Gillis stated he would prepare a review for the Plaintiff, but needed more time and would sit down to talk about the Plaintiff's raise once she was in the new location. The Plaintiff asked who was going to manage the location and Mr. Gillis responded that they already had a manager. The Plaintiff learned that a male assistant manager was promoted and moved into the new position in Defendant WSRI's North Smithfield location.

23. On or around March 8, 2022, Mr. Gillis visited the North Smithfield location and discussed training goals rather than a review as previously discussed and stated that he would submit a small raise for the Plaintiff.

24. On April 4, 2022, the store manager of North Smithfield location resigned. Later that day, the Plaintiff was visited by Mr. Gillis and TJ Seaton, district manager of Defendant WSRI's North Smithfield store. The Plaintiff was told that the store manager resigned, and a new manager would be arriving in three (3) weeks, but they "had to fast track" training him. It was stated that when he arrived, he would likely have questions and the Plaintiff was expected to answer as many questions as the Plaintiff could.

25. On July 29, 2022, the Plaintiff was terminated from her employment at Defendant WSRI.

26. Defendant WSRI discriminated against the Plaintiff on account of her gender and she was terminated in retaliation for complaining about her discriminatory work environment.

27. As a proximate result of Defendant's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life.

### VII. Claims for Relief

28. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-26 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §2000e, *et seq.*

29. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Two
### Violation of RICRA, R.I.G.L. §42-112-1, *et seq.*

30. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful employment discrimination and retaliation against the Plaintiff on account of her gender, in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

### Count Three
### Unlawful Discrimination—R.I.G.L. §28-5-1, et seq.

31. Defendant, by its acts and/omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of her gender in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L.

§28-5-1, et seq., causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, et seq., 42 U.S.C. §1981, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., and, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, et seq.;

2. enjoining and permanently restraining Defendant from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, et seq., 42 U.S.C. §1981, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, et seq.;

3. award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7. such other and further relief as the Court deems just and proper.

### IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: September 6, 2022

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 6th day of September, 2022, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano